Recital in judgment showing that statutory requirements as to acceptance of plea of guilty were fulfilled could not be overcome, in absence of supporting evidence, by averment in motion for new trial that court accepted plea without warning.

Appeal from District Court, San Augustine County; V. H. Stark, Judge.

Abe Davis was convicted of theft of cattle, and he appeals. Affirmed.

J. R. Bogard, of San Augustine, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

MORROW, P. J. The offense is theft of cattle; punishment fixed at confinement in the penitentiary for a period of two years.

A plea of guilty was entered and evidence heard.

In his motion for a new trial, appellant made an averment that the court accepted the plea of guilty without warning. We understand from the bill of exceptions, as qualified, that no evidence was offered in support of this averment. The averment is in conflict with the judgment of the court, which contains a recital showing that the statutory requirements with reference to the acceptance of a plea of guilty were fulfilled. This recital could not be overcome by a mere motion. Supporting evidence would be necessary.

The judgment is affirmed.

## KEMP v. STATE. (No. 9852.)

(Court of Criminal Appeals of Texas. Feb. 17, 1926.)

**Criminal law ⚖═784(1)—Refusal to give correct special charge on circumstantial evidence, where case rested wholly on circumstantial evidence, held error.**

In prosecution for fornication, where, under count of information making it necessary to prove accused lived with woman, and had carnal intercourse with her, case rested wholly on circumstantial evidence, refusal to give correct special charge on circumstantial evidence requested by accused was error.

Commissioners' Decision.

Appeal from County Court at Law, No. 1, Tarrant County; P. W. Seward, Judge.

C. R. Kemp was convicted of fornication, and he appeals. Reversed and remanded.

Mays & Mays, of Fort Worth, for appellant.

Sam D. Stinson, State's Atty., of Austin, and Nat Gentry, Jr., Asst. State's Atty., of Tyler, for the State.

BERRY, J. The offense is fornication, and the punishment is a fine of $50. The only question necessary to consider in this case is the appellant's complaint at the court's action in failing to charge on circumstantial evidence. Under the count in the information submitted to the jury it was necessary for the state to prove that the appellant lived together with Alice Brown and had carnal intercourse with her. We have very carefully examined this record, and fail to find what we think is positive testimony to support either proposition. In fact, there is no suggestion in this record from any witness to the effect that they had ever been seen in the act of carnal intercourse, and we think the testimony tending to show that they lived together is wholly circumstantial. Both the act of intercourse and the living together, if proved at all, are proved as a matter of inference from other facts in evidence, and, in this condition of the record, the case rests wholly in a legal sense upon circumstantial evidence. Branch's Ann. P. C. p. 1341, for collation of many authorities. Appellant asked the court to give a correct special charge on the question of circumstantial evidence and this was refused. The court's action in refusing to give this charge was error necessitating a reversal of the case.

The judgment of the trial court is reversed and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.